HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES G WILBUR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF INTERIOR,

    Defendant.

CASE NO. C15-5543 RBL

ORDER DENYING IFP AND COURT-APPOINTED COUNSEL

[Dkt. #1]

THIS MATTER is before the Court on Plaintiff Wilbur's Motion to proceed *in forma pauperis* and for court–appointed counsel. [Dkt. #1] Wilbur is an enrolled Makah. His claims relate to injuries he suffered while he was "falsely imprisoned" at the Makah Detention Facility "May 7, 2011 through March 8, 2012." He specifically claims he was injured and hospitalized in May 2011.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

*in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Wilbur cannot meet this is standard. In this state, a §1983 claim must be commenced within three years of the date the claim accrues. Wilbur's claims were tolled while he was incarcerated (RCW 4.16.190) but it accrued when he was released—in March 2012.

§1983 itself contains no statute of limitations. Federal courts instead "borrow" §1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Wilbur's claims are facially, fatally flawed, and thus frivolous, and he fails to state a claim upon which relief may be granted. He is not entitled to *in forma pauperis* status under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Because he cannot cure the timeliness defect, Wilbur's *in*

1 | *forma pauperis* application is denied and he must pay the filing fee within 21 days or the case
2 | will be dismissed.  The Plaintiff is warned that even if he pays the filing fee, the case is subject to
3 | dismissal as time-barred.
4 |     Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person
5 | unable to afford counsel.  Under §1915, the court may appoint counsel in exceptional
6 | circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional
7 | circumstances, the court must evaluate the likelihood of success on the merits and the ability of
8 | the petitioner to articulate the claims pro se in light of the complexity of the legal issues
9 | involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).
10 |     Wilbur cannot demonstrate any likelihood of success on his facially time-barred claims,
11 | and his Motion for a court-appointed attorney is DENIED.
12 |     IT IS SO ORDERED.
13 |     Dated this 21st day of September, 2015.

_____

Ronald B. Leighton
United States District Judge